365 So.2d 860 (1978)
Nina M. FINCHER, wife of/and Dannie L. Fincher
v.
Stan SURRETTE et al., American Can Company and Employers Mutual Liability Insurance Company of Wisconsin.
No. 9516.
Court of Appeal of Louisiana, Fourth Circuit.
November 21, 1978.
Rehearing Denied January 17, 1979.
*861 John P. Manard, Jr. and Herbert J. Mang, Jr., New Orleans, for plaintiffs-appellees.
Wood Brown, III, New Orleans, for American Can Co. and Employers Mut. Liability Ins. Co. of Wisconsin, defendants-appellants; Montgomery, Barnett, Brown & Read, New Orleans, of counsel.
Before REDMANN, BOUTALL and GARRISON, JJ.
BOUTALL, Judge.
This is a case involving damages for personal injuries against the manufacturer of a machine used to affix the cover of cans of coffee after they are filled with the product.
The facts surrounding this claim are these: Nina M. Fincher, the plaintiff-appellee, was involved in an accident on July 12, 1976 while in the employ of the Folger Coffee Company. She sustained a serious hand injury on the job while attempting to clean a vacuum seaming machine. This machine was manufactured by American Can Company, the appellant in this action. American Can had installed this machine at Folger's plant in 1960.
Shortly before the accident, Mrs. Fincher had been promoted to the job of operating the seamer machine. She had only been working regularly on this machine for 2½ hours before the injury. At the time at issue, she was employing the usual cleaning procedure whereby the valve or cylinder inside the machine (but exposed during the *862 cleaning procedure) is turned to expose each different pocket for cleaning. (This valve is a large, heavy cylindrical type wheel with 18 pockets, each the size of a coffee can, turning on a center axis.) This is done by pushing a "jog button" which is connected to a motor and turns the valve. The machine, after being jogged, gradually comes to a stop on its own. No brakes are applied.
Appellee was injured when she attempted to clean one of the pockets by inserting her hand before the machine had come to a complete stop. She had apparently pushed the jog button too hard causing too much motion in the valve. The machine caught her fingers causing a serious hand injury which is the subject of this suit.
Suit was originally filed against various executive officers of Folger's and against American Can Company and its insurer. Only American Can and its insurer remain as defendants before the trial and appellate courts. The case was tried to a jury and resulted in a verdict in favor of Mrs. Fincher, awarding damages of $150,000, $30,000 of which must be paid by the appellant and its insurer. Only liability is at issue in this appeal. Quantum is not contested.
The four major issues in this appeal deal with the following:
1. The existence of a defect in the manufacture of the machine.
2. The duty to warn on the part of the manufacturer.
3. Assumption of the risk on the part of the appellee.
4. The jury instructions given by the trial court.

I. THE EXISTENCE OF A DEFECT AND THE DUTY TO WARN:
We discuss the first two issues together since we feel that they are too interrelated to allow a separate resolution of each. Appellants contend that no defect was present in the machine at the time of the accident and, further, that even if one was present, it was caused by the alterations made by Folger's after the sale and installation of the product. They contend, in other words, that the defect, if it does exist, was not present at the time of manufacture.
A product is defective when the risks are greater than a reasonable buyer would expect. Foster v. Marshall, 341 So.2d 1354 (La.App. 2d Cir. 1977). In Welch v. Outboard Marine Corporation, 481 F.2d 252 (5th Cir. 1973), the test was phrased this way:
"A product is defective and unreasonably dangerous when a reasonable seller would not sell the product if he knew of the risks involved or if the risks are greater than a reasonable buyer would expect."
Expert testimony was introduced to the effect that a safety defect was present in the machine in that an injury could be sustained by an operator who merely makes a "slight misjudgment". The operator must rely purely on sight to determine whether the valve had come to a complete stop. The expert, Professor McPhate, suggests several ways to correct this defect, including guards and connecting the valve to the machine's braking system when jogged.
We feel that the circumstances surrounding this case lead to the conclusion that a defect was present in the machine at the time of the accident. The lack of some safeguard to prevent injury to foreseeable users in a normal operation, such as the cleaning of the machine, is sufficient to render the manufacturer liable. This is especially true when coupled with the fact that the manufacturer in this case knew of safe methods of cleaning, namely cutting the power after turning the valve, or using the hand crank which does not activate the power at all. In Amco Underwriters v. American Radiator & Standard Corporation, 329 So.2d 501 (La.App. 1st Cir. 1976), the court said:
"* * * the manufacturer of a potentially dangerous instrumentality such as the instant heating unit has a duty to instruct reasonably foreseeable users of their product with regard to its safe use. Williams v. Allied Chemical Corporation, *863 270 So.2d 157 (La.App. 1st Cir. 1972), writs refused, 271 So.2d 875 (La.1973)."
The knowledge on the part of the manufacturer, as established by the evidence, that the jog method was not safe, at least as employed by Folger's employees, creates a duty to warn the buyer of the dangers involved. This is especially true considering the fact that employees of American Can Company visited the Folger's plant approximately once a week since the installation, observed the method being employed, and made no effort to correct or inform the employees or supervisors of Folger's of the danger. In Chappuis v. Sears Roebuck & Company, 358 So.2d 926 (1978), the Louisiana Supreme Court stated:
"* * * But when the danger is known to the manufacturer and cannot justifiably be expected to be within the knowledge of users generally, the manufacturer must take reasonable steps to warn the user."
We reject the contention of appellant that Folger was in that class of buyers known as the "sophisticated purchaser". See, Bradco v. Youngstown Sheet and Tube Company, 532 F.2d 501 (5th Cir. 1976) and West v. Hydro Test, Inc., 196 So.2d 598 (La.App. 1st Cir. 1967). What the buyer should know is a fact question. We find that the sophisticated purchaser doctrine is not applicable here and that Folger and its employees cannot be held to the necessary degree of knowledge to render this danger as one which is "open and obvious". There is simply no evidence upon which we could base a conclusion that the jury's finding on this point is manifestly erroneous. See Canter v. Koehring, 283 So.2d 716 (1973).
It is contended that for liability to attach, the defect complained of must have existed at the time the product left the possession of the manufacturer, Frey v. Travelers Insurance Company, 271 So.2d 56 (La.App. 4th Cir. 1972); Stevens v. Rex Chainbelt, Inc., 349 So.2d 948 (La.App. 1st Cir. 1977), and that Folger made alteration to the machine. However this alteration had no effect on the existence of the defect.
The alteration in question is the moving of the jog button 12 to 16 inches closer to the pocket opening than it was previously. This change has no effect since the crux of the defect is that there is no safeguard against the accident other than the operator's visual judgment. The additional time it takes the operator to move 12 to 16 inches would not reduce the hazard to the operator since visual judgment would still be the deciding factor.
Further, the evidence shows that appellee pressed the jog button with too much force and that her judgment was bad as to when the machine had coasted to a complete stop. There is no evidence that Mrs. Fincher had pressed the jog button with one hand and had reached into the pocket with the other. We find, therefore, that the defect was present at the time of manufacture.

II. ASSUMPTION OF THE RISK:
Appellant argues that Mrs. Fincher is barred from recovery by virtue of the doctrine of assumption of the risk. For a plaintiff to assume a risk, he or she must have knowledge of and voluntarily encounter the risk which causes the injury. Knowledge is the key point and must be proved by a preponderance of the evidence. Prestenbach v. Sentry, 340 So.2d 1331 (La. 1977); McInnis v. Fireman's Fund Insurance Company, 322 So.2d 155 (La.1975).
It is clear from the evidence that assumption of the risk is not applicable here. Mrs. Fincher testified that she was not aware that the machinery was moving or she would not have placed her hand into the machine. The jury apparently believed this testimony and, with this conclusion, we agree. Appellant's argument that the action of placing one's hand in moving machinery constitutes assumption of the risk ignores the unrebutted testimony of Mrs. Fincher and the knowledge requirement set out above.
To say that Mrs. Fincher understood the nature of the risk involved here is to impute to her a knowledge which even her supervisors did not possess. In Prestenbach, supra, the Supreme Court stated:

*864 "* * * for purposes of a knowing assumption of risk, we impute knowledge to a plaintiff, not because he was in a position to make certain observations, but only when he actually makes those observations and, from them, should reasonably have known that a risk was involved."
We, therefore, find that the appellee's actions did not constitute assumption of the risk.

III. JURY INSTRUCTIONS:
Appellant contends that the jury instructions given by the trial judge were prejudicial in that they were "of a general rambling nature and confused the jury." He cites three instances of prejudice: Two dealing with assumption of the risk and one with burden of proof.
Code of Civil Procedure Art. 1793 reads as follows:
"Art. 1793. Instruction to jury; objections
"At the close of the evidence or at an earlier time during the trial as the court reasonably directs, a party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury.
"A party may not assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."
Under this article, we feel that the complaints of the appellant have been waived by the failure to state his objections specifically.
In the record, the trial judge states that appellant had "objected to those aspects of the charges which were not favorable to the defense of this case." This is not a specific objection which reserves the right of appeal. The only specific objection brought out by the record is appellant's objection to the lack of a charge that contributory negligence is a valid defense in product liability cases. This is not one of appellant's contentions on appeal. General objections are not sufficient to preserve the right, nor are blanket objections. Geisler v. Louisiana Power & Light Company, 346 So.2d 339 (La.App. 4th Cir. 1977).
Further, and perhaps more important, is the fact that the jury returned and asked for further instructions on the very issues which appellant complains of in brief to this court. At that time, appellant had every opportunity to object specifically to these charges but did not do so. The record simply lacks the specificity of objection required by the Article.
We have been referred to the case of Outlaw v. Bituminous Insurance Company, 357 So.2d 1350 (La.App. 4th Cir. 1978). We note the Supreme Court's apparent disapproval of the relevant portion of this decision in the denial of the writ found at 359 So.2d 1293. Outlaw, however, is distinguishable from our case since it found that the court could refuse to consider defendant's objections made, by agreement, after the jury had retired. Our case deals not with the timeliness of the objection, but with the specificity of them. We have no relevant, specific objections present in our record, unlike the Outlaw case.
For all of the above reasons, the judgment of the trial court in favor of plaintiff, Nina M. Fincher, wife of and Dannie L. Fincher, is affirmed. All costs of this appeal to be paid by the appellant.
AFFIRMED.