427 So.2d 492 (1983)
Verlie FLETTRICH
v.
Byron JACOB, Elizabeth A. Lloyd, Dairyland Insurance Company, Gloria J. Lloyd, Allstate Insurance Company and XYZ Insurance Company.
No. 5-122.
Court of Appeal of Louisiana, Fifth Circuit.
January 10, 1983.
Rehearing Denied March 17, 1983.
*493 Steven K. Faulkner, Jr., Morphy, Faulkner, Simpson & Dimaria, Metairie, for plaintiff-appellant.
James Ryan, III and Stephen R. Doody, Sessions, Fishman, Rosenson, Boisfontaine & Nathan, New Orleans, for defendants-appellees.
Before BOUTALL, KLIEBERT and GAUDIN, JJ.
KLIEBERT, Judge.
Mrs. Verlie Flettrich, appellant, brought this damage suit for personal injuries sustained while riding as a guest passenger in a Plymouth Duster being operated by Gloria Lloyd. The suit was brought against (1) Byron Jacob, the owner-operator of the vehicle which collided into the rear of the Lloyd vehicle, (2) Jacob's insurer, Allstate Insurance Company, and (3) State Farm Mutual Automobile Insurance Company, the underinsured motorist carrier in a policy issued on the Lloyd vehicle. Prior to trial of the suit, Mrs. Flettrich entered into a compromise settlement with Jacob and his insurance company for $5,000.00, the policy limits, reserving her right to proceed against State Farm. The underinsured motorist claim against State Farm was tried before a 12-person jury. The jury found in favor of State Farm and dismissed Mrs. Flettrich's suit against them. We affirm.
Mrs. Flettrich appealed on two grounds:
(1) That the trial judge's jury instructions were confusing and misleading; and
(2) That the jury erred in not awarding additional damages.
With regard to the jury instructions, the record does not indicate that an objection was made before, during or after they were read. Failure to timely object precludes the raising of this issue on appeal, as clearly stated in LSA-C.C.P. art. 1793:
"At the close of the evidence or at an earlier time during the trial as the court reasonably directs, a party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests, prior to their arguments to the jury.
A party may not assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."
*494 See also Fincher v. Surrette, 365 So.2d 860 (La.App. 4th Cir.1978), and numerous other decisions requiring strict compliance with Art. 1793.
With respect to the second assignment of error, the evidence shows Mrs. Flettrich probably had a ruptured disc on the right side of L-5 which could have been caused by the accident, that she is presently living with back pain and she, in the opinion of the treating orthopedic surgeon, will at some future date be forced to undergo surgery. Although there is evidence in the record from which it can be concluded Mrs. Flettrich's injuries were the result of the accident, or would justify a greater award than $5,000.00, we cannot merely substitute our views for that of the jury. Under the standard of appellate review set by the Supreme Court, to modify or alter the finds of the jury, we must determine the findings are manifestly erroneous and have no factual basis. Perniciaro v. Brinch, 384 So.2d 392 (La.1980); Canter v. Koehring, 283 So.2d 716 (La.1973), and Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In the present case, under the explanation given by the trial judge, the jury considered two issues:
First, was this accident the cause of any injury to the plaintiff? In other words, did the plaintiff receive any injuries in this case?
Secondly, if she did receive any injury, did the amount of her injuries, which resulted from the accident, exceed the sum of $5,000.00 which she has already received in a settlement from the insurer of Byron Jacob?
The jury did not answer those questions directly, but rather checked off as their finding the following: "We, the jury, find for the defendants, State Farm Mutual Automobile Insurance Company". Considering the explanation given to the jury by the trial judge, in so deciding, the jury either concluded the injuries were not the result of the accident or that the award for the injuries sustained should not exceed $5,000.00. In either case, there is ample evidence in the record to support the jury's finding.
Dr. Lococo, Mrs. Flettrich's witness, testified that in view of the appellant's back condition prior to the accident, (he had operated on her for a ruptured disc on the left side of L-5) it was possible the injuries actually pre-existed the accident and were not aggravated by the accident. Further, the impact of the collision was minimal, in fact, Mrs. Lloyd testified the damage to her vehicle was so slight "a bicycle could have done as much damage..." Additionally, Mrs. Lloyd, who was a co-worker of Mrs. Flettrich for approximately nine months before the accident, testified Mrs. Flettrich had complained of her back bothering her before the accident occurred.
On the other hand, the x-rays showed a collapse of the fifth lumbar disc on the right side. Although Dr. Lococo recommended surgery, Mrs. Flettrich chose instead to remain on muscle relaxants, anti-inflammatory drugs and pain medication. It was Dr. Lococo's opinion Mrs. Flettrich would be unable to work anymore and would be required to undergo surgery.
Mrs. Flettrich testified she was free of back problems from 1973, the date of her first disc operation, until the accident involved here. Further, on cross examination, Mrs. Lloyd testified that it was possible Mrs. Flettrich's complaints of back pain were made after the accident rather than before the accident as she had testified to on direct examination. Dr. Lococo also testified that the disc injury at L-5 was probably caused by the accident involved here.
Thus, there is evidence in the record from which the jury could reasonably conclude the injuries complained of by Mrs. Flettrich were not caused by the accident or that an award of $5,000.00 was sufficient for the injuries sustained. Accordingly, the judgment of the trial court is affirmed. Each party to bear his own cost of the appeal.
AFFIRMED.
GAUDIN, J., dissenting with written reasons.
*495 GAUDIN, Judge, dissenting.
I respectfully dissent.
The testimony and evidence of this case indicate:
(1) That appellant Verlie Flettrich was operated on by Dr. Santo Lococo, her family physician, for a herniated disc in 1973; and between that time and October 7, 1978, she consulted Dr. Loco only twice, for an infected finger in 1975 and for a ganglion (swelling) on her hand in 1977;
(2) That following the October 7, 1978, accident, Dr. Lococo found muscle spasm in Mrs. Flettrich's back and a decreased range in motion; and that a subsequent myelogram revealed a ruptured disc; and
(3) That Dr. Lococo testified that the causal connection between the current back problems and the sued-on accident was probable.
On cross examination, Dr. Lococo stated that it was "possible" that Mrs. Flettrich's back troubles were caused by something other than trauma, in the sense that almost anything is possible; but earlier in his testimony he was asked:
"... in your medical opinion, given a lack of a history of any back problems from the old laminectomy until the time of this particular accident, given the lack of a history of any problems in that area, would it be your medical opinion that the problems that were diagnosed in November of 1978, which she has had up until the time that you last saw her, would probably be caused by this automobile accident on October 7, 1978?"
Dr. Lococo answered:
"Yes, it probably was caused by that."
Dr. Lococo provided the only medical evaluations in this proceeding and his testimony preponderates in favor of appellant.
The only testimony suggesting that Mrs. Flettrich had back problems between 1973 and October 7, 1978, was given by Mrs. Gloria Lloyd, a co-worker of Mrs. Flettrich. Mrs. Lloyd said that Mrs. Flettrich did complain about her back, but on cross examination Mrs. Lloyd admitted that it was possible that Mrs. Flettrich's complaints came after October 7, 1978.
Mrs. Flettrich's past medical bills total $3,080.10. Considering Dr. Lococo's uncontroverted medical testimony and other facts and circumstances, the jury verdict which in effect limited appellant's recovery to $5,000.00 was clearly amiss. Under this State's jurisprudence, awards for ruptured discs are substantially higher than $5,000.00.