LOBRANO, Judge.
Plaintiff, Lionel Madere, (Madere) prosecutes this appeal from the adverse judgment of the trial jury rejecting his demand in tort for personal injuries sustained while riding as a guest passenger in an automobile owned and being operated by defendant, Cynthia A. Serpas (Serpas). Since Ser-pas had no automobile liability insurance, plaintiff also sued Allstate Insurance Company (Allstate), his uninsured motorist carrier.
A summary of the pertinent facts are as follows: The accident occurred about 3:00 a.m. on the morning of April 6, 1978 when Madere and Serpas were driving across the St. Claude Avenue bridge over the industrial canal. As it started its dissent, the car struck a curb on the opposite side of the bridge, began to rotate in a counter clockwise direction, struck the curb on the far right side of the street, tumbled over the protective railing and landed on the ground below.
The fateful evening began ten hours earlier when Madere closed his business for the day and entered the Chateau Lounge where Serpas, an old acquaintance, was employed as a bar maid. After consuming a scotch and water, Madere left briefly to *844 get dinner and clean up. He returned around 7:00 p.m. when Serpas got off work. Although the testimony is conflicting as to the number of drinks she consumed while at the Chateau, it is clear she had at least one screwdriver, which, in her own words, was a “strong one”. Shortly after Madere’s return they left for Lou’s bar or, as it is also called, Yogi’s bar. At Lou’s they had a couple more drinks. This was substantiated by the testimony of Patricia A. Koren [1] who joined them at Lou’s and witnessed their behavior. Koren, Ser-pas and Madere then left Lou’s and returned to the Chateau where they consumed additional alcoholic beverages. Apparently they all went in Madere’s van because Koren testified that when they arrived at the Chateau there was some discussion about Madere’s driving habits. Shortly thereafter Koren became irritated with Madere for neglecting her, took his van back to Lou’s so she could get her own car, and went home. Becoming more irritated at home because of Madere’s behavior, she decided to try to locate them (Mad-ere and Serpas) to see where they were going.
Upon arriving at Lou’s she noticed Mad-ere’s van in the middle of the street with police units around it. Koren then got worried that she failed to put the vehicle in “Park” and it rolled into the street, so she didn’t stop. After driving around about an hour, she once again located Madere and Serpas at “Jerry LaVie’s”, a lounge on Paris Road. She went in and asked Mad-ere what had happened to the van, but he refused to speak with her. Serpas answered in a very obscene and derogatory manner. Koren then left the lounge and waited in the parking lot until Madere and Serpas left. They finally departed in Ser-pas’ lime green Volkswagon, with Serpas driving.
Serpas testified that after they left Jerry LaVie’s they went to the J & M Grill for breakfast. Upon seeing that the place was overly crowded, they decided to go to Lucky Pierre’s in the French Quarter in New Orleans. At this time, Serpas claims Madere became the driver of the Volks-wagon. Shortly thereafter the accident occurred.
The sole issue on appeal is whether the jury committed manifest error in finding that Madere was contributorily negligent and assumed the risk of his injuries by voluntarily riding with Serpas whom he knew or should have known was intoxicated.
Appellant Madere also assigns as error two jury charges given by the trial judge in regard to the defenses of assumption of the risk and contributory negligence in cases of this type. Appellee, Allstate, argues that those issues are not properly before the Court because trial counsel failed to object at the proper time. A review of the record reveals that appellant was given ample opportunity by the trial court to object to the jury charges, and he failed to do so, thus waiving his right to raise the objections on appeal. La.C.C.P. Art. 1793; Fincher v. Surrette, 365 So.2d 860 (La.App. 4th Cir.1978). In addition, we have reviewed the alleged defective charges, and have found them to be proper recitations of the law.
It is well settled law that a guest passenger who voluntarily accompanies a driver who has been drinking excessively assumes the risk of injuries received in an accident caused in whole or in part by the driver’s negligence, if the alcohol induced impairment of the driver’s ability is a substantial contributory cause of the accident and if the guest passenger knows or should have known of the driver’s condition and nevertheless voluntarily rides with him. Prestenbach v. Sentry Ins. Co., 340 So.2d 1331 (La.1977).
In the case at bar, appellant does not dispute the intoxication of Serpas and the fact that her intoxication was a substantial cause of the accident. The primary thrust of the Madere argument is that Allstate *845 failed to prove by a preponderance of the evidence that at the time of the accident he had actual knowledge of her intoxicated condition so as to satisfy the requirements of assumption of the risk.
Our Supreme Court in Bass v. Aetna Ins. Co., 370 So.2d 511 (La.1979) stated:
“Knowledge is the main stay of this assumption of the risk defense, and this court will impute knowledge to a plaintiff, not because he was in a position to make certain observations, but only when the plaintiff actually made those observations and from those observations should reasonably have known that a risk was involved. Prestenbach v. Sentry Ins. Co., 340 So.2d 1331 (La.1977). Assumption of the risk therefore is properly applicable to those situations where the plaintiff, with knowledge of the peril, voluntarily enters into a relationship with defendant involving danger to himself because of defendant’s contemplated conduct.” Id. at 51⅛.
The record reflects that Madere was with Serpas continually for a period of at least eight hours prior to the accident. During that time they both visited several bars and consumed large quantities of alcoholic beverages. This was substantiated by the testimony of Serpas herself, Patricia Koren and Ronald J. Livaudais, who saw them during the evening. The latter two both testified that Serpas and Madere were acting or appeared intoxicated at various times in the evening.
Under the circumstances shown herein (which we deem unnecessary to reiterate in detail) we find no merit in Madere’s contention that Allstate has failed to show he knew or should have known Serpas was in no condition to drive the automobile. Suffice to say the record substantiates the jury’s finding that Serpas was intoxicated and Madere knew or should have known of her condition when he got in the vehicle with her. They concluded he was eontribu-torily negligent and assumed the risk of his injuries. That finding is to be accorded great weight and should not be disturbed on appeal in the absence of manifest error.
For the above and foregoing reasons the judgment appealed from is affirmed. All costs to be borne by appellant.
AFFIRMED.

. According to the testimony, Koren was called around 10:00 p.m. by Madere to join him and Serpas at Lou’s. Koren testified that she had been dating Madere at the time.