| | | |
|---|---|---|
| IRENE MARIE BREAUX, INDIVIDUALLY, AND ON BEHALF OF HER MINOR CHILDREN, TABITHA CAROLINE BREAUX AND ELWOOD JAMES BREAUX, III, CANDACE MARY BREAUX, BRANDON BREAUX, ERICKA BREAUX AND JAMIE BREAUX | * * * * * * * * * * * * * | NO. 2020-CA-0477 COURT OF APPEAL FOURTH CIRCUIT STATE OF LOUISIANA |

VERSUS

THE GOODYEAR TIRE & RUBBER COMPANY, JOHN DOE, AND NATHAN C.

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 61-964, DIVISION "B"
Honorable Michael D. Clement, Judge
* * * * * *
**JAMES F. MCKAY III**
**CHIEF JUDGE**
* * * * * *
(Court composed of Chief Judge James F. McKay III, Judge Daniel L. Dysart, Judge Dale N. Atkins)

S. DANIEL MEEKS
KRISTEN E. MEEKS
MEEKS & ASSOCIATES, LLC
3401 West Esplanade Avenue South, Suite 3
Metairie, Louisiana 70002
-and-
BRUCE R. KASTER
SKIP L. LYNCH
KASTER, LYNCH, FARRAR & BALL, LLP
125 N.E. First Avenue, Suite 3
Ocala, Florida 344070
        COUNSEL FOR PLAINTIFFS/APPELLEES

MARTIN A. STERN
SARA C. VALENTINE
ALEXANDRA ROSELLI LAMB
ADAMS & REESE, LLP
701 Poydras Avenue, Suite 4500
New Orleans, Louisiana 70139
-and-
CHARLES L. CHASSAIGNAC, IV
EMILY MORRISON
PORTEOUS, HAINKEL & JOHNSON, LLP
343 Third Street, Suite 202
Baton Rouge, Louisiana 70801
-and-
DAVID R. TIPPETS (*pro hac vice*)
THAD K. JENKS (*pro hac vice*)
WEINSTEIN TIPPETS & LITTLE, LLP
7500 San Filpe Street, Suite 500
Houston, Texas 77063
        COUNSEL FOR DEFENDANT/APPELLANT


JAMES D. HOLLIER
JASON T. REED
1001 W. Pinhook Road, Suite 200
Lafayette, Louisiana 70503
        COUNSEL FOR THE PLAQUEMINES PARISH
        GOVERNMENT/INTERVENOR

**AFFIRMED**


**MAY 12, 2021**

On February 5, 2014, Elwood Breaux, Jr., an employee of the Plaquemines Parish Government (PPG), who worked as an automated garbage truck driver at Solid Waste North, sustained fatal injuries during the course and scope of his employment when he and a co-worker were putting air into a Goodyear G182 RSD tire when a zipper rupture[1] caused the tire to explode.

Mr. Breaux's surviving spouse, Irene Marie Breaux, individually and on behalf of her minor children, Tabitha Caroline Breaux and Elwood James Breaux, III, Candace Mary Breaux, Brandon Breaux, Ericka Breaux, and James Breaux filed a wrongful death/survival action against the Goodyear Tire and Rubber Company, as the manufacturer of the tire, pursuant to the Louisiana Products Liability Act (LPLA). The Breauxs alleged design defect, manufacturing defect, and failure to warn the PPG of zipper ruptures. Pursuant to La. C.C. art. 2320, *et seq.*, their claim was also based on the negligence and fault of Luther Harris and Nathan Carter, who were employed at the Goodyear Auto Service Center in

---

[1] A zipper rupture is a circumferential tear of all the components in the sidewall or shoulder area of a radial ply medium or light truck tire. The failure is accompanied by an instantaneous release of stored energy with explosive force analogous to being hit by a truck.

1

Gretna, Louisiana and who delivered the tire to Solid Waste North. The PPG intervened, seeking reimbursement out of the proceeds from any judgment rendered or settlement entered into in favor of the Breauxs, plus any applicable statutory credit, in accordance with the provisions of La. R.S. 23:1102, *et seq.*

A bench trial took place from January 14, 2019 through January 25, 2019. At trial, the Breauxs presented the testimony of: David Southwell, a tire analyst who provided his analysis and opinions on their manufacturing defect claim; Lila Laux, Ph.D., an expert in warnings and human factors, who provided her analysis and opinions on their failure to warn claim; and Dennis Boudreaux, Ph.D., an expert economist. Goodyear retained three experts to dispute the claims asserted by the plaintiffs. John Glennon testified on the standards of care regarding maintenance of tires. James Nespo, a retired Goodyear employee, testified as a tire expert, and Robert Zimek provided opinions on the PPG's work standards. Goodyear also called two rebuttal experts. Kevin Legge, who was also offered as Goodyear's corporate representative, was called to rebut the opinions of Mr. Southwall and Nathan Dorris, Ph.D., was called to rebut the opinions of Dr. Laux.

At the end of trial, the trial court took the matter under advisement and ultimately returned a verdict finding Goodyear liable for causing the fatal accident. The trial court also found that the PPG was not liable for the death of Mr. Breaux and it awarded the PPG the entirety of its lien.[2]

---

[2] At the conclusion of trial, the plaintiffs and intervenor asked the trial court to refrain from awarding a *Moody* Credit percentage in the final judgment, and advised the court that the parties would work out an agreement following the trial court's rendering a judgment. See *Moody v. Arabie*, 498 So2d 1081 (La. 1986).

The trial court made the following awards: $1,533,935.93 to Elwood James Breaux, Jr. ($400,000.00 for conscious mental and physical pain and suffering prior to death, $357,065.84 for past medical expense, $2,268.10 for temporary total disability benefits, $121,71.28 for fatality and funeral benefits, and $652,860.71 for lost wages); $1,500,000.00 to Irene Breaux ($500,000.00 for loss of love and affection, and $1,000,000.00 for past and future mental anguish, grief, and anxiety); $300,000.00 to Ericka Breaux ($150,000.00 for loss of love and affection, and $150,000.00 for past and future mental anguish, grief and anxiety); $300,000.00 to James Breaux ($150,000.00 for loss of love and affection, and $150,000.00 for past and future mental anguish, grief, and anxiety); $750,000.00 to Candace Breaux ($150,000.00 for loss of love and affection, $150,000.00 for guidance and nurture, and $450,000.00 for past and future mental anguish, grief, and anxiety); $750,000.00 to Brandon Breaux ($150,000.00 for loss of love and affection, $150,000.00 for loss of guidance and nurture, and $450,000.00 for past and future mental anguish, grief, and anxiety); $800,000.00 to E.J. Breaux ($200,000.00 for loss of love and affection, $200,000.00 for loss of guidance and nurture, and $400,000.00 for past and future mental anguish, grief, and anxiety); and $800,000.00 to Tabitha Breaux ($200,000 for loss of love and affection, $200,000.00 for loss of guidance and nurture, and $400,000.00 for past and future mental anguish, grief, and anxiety). This amounted to a grand total of $6,733,935.93 awarded to the plaintiffs. The trial court also awarded the intervenor, the PPG, $481,074.22 to be deducted from the gross total.

It is from the above described judgment that Goodyear now appeals. The Breauxs have answered the appeal and seek an increase in the award of damages for their survival action.[3]

On appeal, Goodyear raises the following assignments of error: 1) "The trial court committed legal error by failing to apply the correct law to determine whether the PPG was a sophisticated user. Applying the correct law *de novo* (or, alternatively, under any standard of review), the PPG is a sophisticated user and, under the LPLA, Goodyear cannot be liable for failure to warn;" 2) "The trial court committed legal error by failing to consider causation. Applying this law *de novo* (or, alternatively, under any standard of review), Plaintiffs failed to prove the warning sought would have prevented their injuries;" 3) "The trial court committed legal error by failing to consider the comparative fault of the PPG as required by La. Civ. Code art. 2323. Considering the fault of the PPG *de novo* (or, alternatively, under any standard of review), the PPG bears the great majority of fault;" and 4) "The trial court committed legal error in awarding a double recovery of damages in two separate ways: first, awarding a double recovery of economic damages; and, second, awarding duplicative components of general damages. On purely legal grounds, each requires a reduction of damages. Alternatively, the awards must be reduced for abuse of discretion."

In regard to inadequate warnings, La. R.S. 9:2800.57(A) provides that a product is unreasonably dangerous "because an adequate warning about the

---

[3] PPG is not a party to this appeal.

4

product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product." Section B of La. R.S. 9:2800.57 provides two exceptions under the LPLA where a manufacturer is not required to provide an adequate warning about its product: (1) when the hazard is open and obvious; or (2) when the user or handler of the product is a sophisticated user. In the instant case, Goodyear's primary defense is not that its product had an adequate warning but that the PPG was a "sophisticated user."

Whether an individual is a sophisticated user is ordinarily a question of fact to be decided by a jury. *See Fincher v. Surrette*, 365 So.2d 860, 863 (La.App. 1978). A trial court's factual findings will not be disturbed unless the record establishes no reasonable, factual basis for the findings and that they are clearly wrong or manifestly erroneous. *Stobart v. State Dep't Transp. and Dev.*, 617 So.2d 880 (La. 1993). A sophisticated user is defined as "one who is 'familiar with the product,' or as one who 'possesses more than a general knowledge of the product and how it is used.'" *Roux v. Toyota Material Handling, U.S.A., Inc.*, 19-0075 (La.App. 5 Cir. 10/23/19), 283 So.3d 1068, 1074, *reh'g denied* (Dec. 3, 2019), *writ denied,* 19-02052 (La. 5/1/20), 295 So.3d 942, and *writ denied*, 20-0030 (La. 5/1/20), 295 So.3d 953 (internal citations omitted).

In *Asbestos v. Bordelon*, *Inc.*, 96-0525, p. 44 (La.App. 4 Cir. 10/21/98), 726 So.2d 926, 955, this Court determined that a shipyard was not a sophisticated user

of manufactured asbestos-containing thermal pipe insulation, where no evidence was presented to show that the shipyard employees did anything more than purchase, install, remove and discard large quantities of insulation on a regular basis, and that the shipyard did not manufacture any insulation of its own, and did not mine raw materials and construct a final product like the manufacturer.

Similarly, the PPG employees did nothing more than: purchase tires exclusively from Goodyear pursuant to a state-wide contract; install the tires purchased from Goodyear; repair some of the tires if needed; possibly send the tires out if the PPG employees could not do the repairs themselves; and discard the tires. There was no testimony and/or evidence introduced at trial that would suggest that Mr. Breaux or other PPG employees were aware of zipper ruptures, or aware of the possibility that the sidewall of a tire could rupture while the tire was being inflated. The PPG is a local government entity composed of an array of roughly 47 different departments; its business is to service the citizens of Plaquemines Parish, not to repair and perform maintenance of tires.[4] There was no expert testimony at trial that the danger of zipper ruptures was an open and obvious danger well known by all local government entities. Applying this Court's rationale in *Asbestos v. Bordelon. Inc.,* the PPG is not a sophisticated user.

---

[4] We recognize as a matter of law that PPG is not bound by Occupational Safety and Health Administration (OSHA) regulations. OSHA is a part of the U.S. Department of Labor and provides regulations on protective workplace safety and health standards for most private sector employers and their workers. *See* OSH Act, 29 C.F.R. § 975.4. Federal OSHA standards and the Occupational Safety and Health Act of 1970 do not apply to state and local government agencies and their employees. The experts retained by both Goodyear and the Breauxs agree with this assessment.

In its second assignment of error, Goodyear contends the trial court failed to consider causation and the plaintiffs failed to prove that the warning sought would have prevented their injuries. Causation is a question of fact and is subject to the manifest error standard of review. *Green v. K-Mart Corp.* 03-2495, p. 3 (La. 5/25/04), 874 So.2d 838, 841. In order to reverse a fact finder's determination of fact, an appellate court must review the record in its entirety, and find that a reasonable factual basis does not exist for the finding of fact, and further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. *Smith v. La. Dept. of Corrections*, 93-1305 (La. 2/28/94), 633 So.2d 129, 132.

Dr. Laux provided the trial court with her expert analysis and opinions on the warnings Goodyear provided to the PPG. She testified that the warnings on Goodyear's tire, invoice, and warranty brochure were not adequate because the warnings would not lead an ordinary person to contemplate the dangers of zipper failures. Dr. Laux explained that the warnings on the tire, invoice, and in the warranty brochure provided to the PPG talked about under inflation and overloading causing injury or property damage, which a user would read to mean that a tire could fail while it was run in an underinflated or overloaded state. Dr. Laux also opined that users of the tire would interpret the warning to refer to a blow-out or tread separation while a tire was in use, not while a tire was being inflated. It would not put the user on notice that if the user added air to an underinflated tire, the tire may blow up. To the contrary, "tire failure due to

underinflation" would indicate to an average user to inflate the tire to avoid the tire failure. Therefore, according to Dr. Laux, the PPG employees who read the warnings on the tire sidewall, back of the invoice, and warranty brochure would not have concluded that adding air to a tire would be the same as mounting a tire on a rim, and none of the warnings would adequately inform the PPG of the hazard of an underinflated tire experiencing a zipper failure and exploding as it was aired up. Testimony from other witnesses at trial corroborated Dr. Laux's conclusions.

A plaintiff's cause in fact burden is assisted by the presumption that when a manufacturer fails to give adequate warnings or instructions, the user would have read and heeded such admonitions. *See Bloxom v. Bloxom*, 512 So.2d 839, 850 (La. 1987). In the instant case, Goodyear failed to produce contrary evidence to rebut the Breaux's cause-in-fact presumption. Based upon the evidence produced at trial, it was reasonable that the trial court determined that Goodyear's failure to warn the PPG of the danger of zipper failure was a cause-in-fact of Mr. Breaux's death.

In its third assignment of error, Goodyear contends that the trial court erred in failing to consider the comparative fault of the PPG. However, there is nothing in the record to indicate that the trial court did not consider the comparative fault of PPG. A trial court's findings regarding the allocation of fault amongst parties is subject to the manifest error standard. *Plaia v. Stewart Enterprises, Inc.*, 14-0159 c/w 14-0746 c/w 15-1176, p. 47-48 (La.App. 4 Cir. 10/26/16), 229 So.3d 480, 511. Appellate courts are required to give great deference to the trier of fact's allocation

of fault, and it is only after making a determination that the trier of fact's apportionment of fault is clearly wrong can an appellate court disturb the trial court's finding. *Id.*, 14-0159, pp. 47-48, 229 So.3d at 512.

The trial court heard from both lay and expert witnesses concerning the relative fault of the parties before finding that Goodyear was 100% at fault. Even "where the testimony of expert witnesses differs, it is the responsibility of the trier of fact to determine which evidence is the most credible. Consequently, when there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong." *Marable v. Empire Truck Sales of Louisiana, LLC*, 16-0876, p. 12 (La.App. 4 Cir. 6/23/17), 221 So.3d 880, 891-892. Based on the record before this Court, there is nothing to indicate that the trial court's finding was either clearly wrong or manifestly erroneous.

In its fourth and final assignment of error, Goodyear contends that the trial court erred by awarding a double recovery of economic damages and awarding duplicative components of general damages.

The assessment of quantum, or the appropriate amount of damages for both general and special damages, by a trial judge or jury is a factual determination entitled to great deference on appellate review. *McCloskey v. Higman Barge Lines, Inc.*, 18-1008, p. 10-11 (La.App. 4 Cir. 4/10/19), 269 So.3d 1173, 1181. "Because the discretion vested in the trier of fact is so great, and even vast, an appellate court should rarely disturb an award on review." *Thomas v. Boyd*, 51,621, p. 24 (La.App. 2 Cir. 11/15/17), 245 So.3d 308, 325. "An appellate court,

in reviewing a jury's factual conclusions with regard to special damages, must satisfy a two-step process based on the record as a whole: there must be no reasonable factual basis for the trial court's conclusion; and the finding must be clearly wrong." *Id.*, at 325-26. "This test requires a reviewing court to do more than simply review the record for some evidence which supports or controverts the trial court's findings. The court must review the entire record to determine whether the trial court's finding was clearly wrong or manifestly erroneous." *Id.*, p. 24, 245 So.3d at 325-326. "The issue to be resolved on review for special damages is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one." *Id.*, p. 24, 245 So.3d at 326.

During trial, the parties filed two stipulations. The first stipulation was signed by all parties and stipulated that the PPG paid medical expenses in the amount of $357,065.84, temporary total disability benefits of $2,268.10, and fatality and funeral benefits in the amount of $121,741.28. The second stipulation was signed by the Breauxs and Goodyear regarding the economic damages sustained by the Breauxs. The stipulation provided that "if called at trial, Denis O. Boudreaux, Ph.D. would testify that the economic loss to Elwood Breaux, Jr. and his family as a result of Mr. Breaux's injury on February 5, 2014, and resulting death totals, $652,860.71." In the final judgment, the trial court awarded the following survival action special damages: $357,065.84 (stipulated) in past medical expenses; $2,268.10 (stipulated) in temporary total disability benefits; $121,741.28 (stipulated) in fatality and funeral benefits; and $652,860.71 in lost

wages.  There is no evidence in the record that any of the survival action special damages were awarded twice.

Under La. C.C. art. 2315, a tortfeasor must compensate a tort victim for all of the damages occasioned by his act.   In the delictual context, Article 2315 authorizes compensatory damages.  *McGee v. A C and S, Inc.*, 05-1036, p. 3 (La. 7/10/06), 933 So.2d 770, 773-74.  Compensatory damages are divided into the broad categories of special damages and general damages.  *Id.*, p. 3, 933 So.2d at 774.  General damages are those damages which involve mental or physical pain and suffering, inconvenience, the loss of gratification of intellectual or physical enjoyment, or other losses of life or life style which cannot really be measured definitively in terms of money.  *Id.*  In *Rachal v. Brouillette*, 12-794, p. 4 (La.App. 3 Cir. 3/13/13), 111 So.3d 1137, 1143, the Third Circuit rejected the argument that separate wrongful death awards for "mental anguish, grief, and anxiety" and for "loss of love and affection" were duplicative.  Likewise, in the instant case, we reject Goodyear's argument that the trial court awarded a double recovery or duplicative damages to the Breauxs.

As stated above the Breauxs have answered Goodyear's appeal.  The Breauxs allege that the $400,000.00 award in survival action damages for Mr. Breaux's conscious pain and suffering before he died was inadequate.  Only when an award is below that which a reasonable trier of fact could assess for the particular injury to the particular plaintiff under the particular circumstances should the appellate court increase the award.  *Youn v. Maritime Overseas Corp.*,

623 So.2d 1257, 1260 (La. 1993). If the reviewing court finds an award to be abusively low, then the award is increased to the lowest point within the court's discretion. *Id.* In the instant case, there is no indication that the amount awarded for survival action benefits was abusively low. As such, we find no merit in this assertion.

For the above and foregoing reasons, we affirm the judgment of the trial court in its entirety.

**AFFIRMED**