799 F.2d 993
 Prod.Liab.Rep.(CCH)P 11,123
AMERICAN MUTUAL LIABILITY INSURANCE CO., Plaintiff-Appellee,
Milton Davis, Intervenor-Appellee, Cross-Appellant,
v.
FIRESTONE TIRE AND RUBBER COMPANY, et al.,
Defendants-Appellants, Cross-Appellees.
 No. 85-4573.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 15, 1986.
 
 William J. Hamlin, Walker, Boredelon, Hamlin & Theriot, New Orleans, La., for defendants-appellants, cross-appellees.
 Voorhies & Labbe, Gregory K. Moroux, Lafayette, La., for plaintiff-appellee.
 Frank W. Dawkins, Lafayette, La., for intervenor-appellee, cross-appellant.
 Appeal from the United States District Court for the Western District of Louisiana.
 Before WISDOM, DAVIS and JONES, Circuit Judges.
 OPINION
 W. EUGENE DAVIS, Circuit Judge:
 
 
 1
 Firestone appeals a judgment entered against it on a jury verdict predicated on Firestone's failure to adequately warn of the dangers associated with overinflation of an agricultural tire. We reverse.
 
 
 2
 Milton Davis was injured when he overinflated an agricultural tire manufactured by appellant, Firestone Tire & Rubber Company (Firestone), causing it to explode. At the time of the accident, Davis was fifty-seven years old and had worked for two years as a full time tire serviceman for the Sterling Sugar Plantation near Franklin, Louisiana. Davis' duties included mounting and inflating large agricultural tires for the many vehicles Sterling operated on its 14,000 acre farm.
 
 
 3
 On November 6, 1981, Davis and his helper, Herman Jackson, picked up the new Firestone tire in question from St. Mary Tire & Safety Co. (St. Mary), in Franklin, Louisiana. After Davis and Jackson returned to the Sterling garage with the tire, Jackson, who had been assisting Davis for about one year, tore the red and white inflation warning label from the body of the tire and discarded it before Davis began mounting the tire on the rim. The warning label provided in part:
 
 
 4
 WARNING! NEVER INFLATE ABOVE 35 PSI. USE OF EXCESSIVE PRESSURE DURING MOUNTING MAY CAUSE TIRE/WHEEL ASSEMBLY TO BURST WITH EXPLOSIVE FORCE!
 
 
 5
 Davis testified that he had been told by his boss that these tires should not be inflated above 50 psi. Davis proceeded to mount the tire later that day. After he inflated the tire above 35 psi, it exploded and Davis suffered severe injuries.
 
 
 6
 American Mutual Liability Insurance Company (American), Sterling's insurer, brought this suit against Firestone and St. Mary to recover the worker's compensation benefits it paid to Davis. Davis intervened and sought damages for his personal injuries. Both American and Davis alleged that the Firestone tire was defective because it failed to adequately warn of the dangers associated with overinflation.
 
 
 7
 The jury found that the tire was defective because of inadequate warnings. The jury assessed no liability against St. Mary, finding that it neither knew nor should have known of the defect. Fault was apportioned fifty percent to Firestone and fifty percent to Davis. The jury fixed Davis' total damages at $331,000. The district court entered judgment against Firestone for $165,000.
 
 
 8
 Firestone raises two issues on appeal. First, that the district court erred in refusing to hold, as a matter of law, that Firestone had no duty to warn because Davis was a sophisticated user. Second, Firestone argues that even if it owed Davis a duty to warn against overinflation, the warning label affixed to the tire was adequate.
 
 
 9
 Under Louisiana law, manufacturers have an affirmative duty to warn consumers of dangerous propensities that foreseeably accompany normal use of a product. Ducote v. Liberty Mutual Insurance Co., 451 So.2d 1211, 1213 (La.App.), cert. denied, 457 So.2d 15 (La.1984). This duty to warn is limited, however, where "the purchaser or the user has certain knowledge or sophistication, professionally or otherwise, in regard to the product." Poland v. Beaird-Poulan, 483 F.Supp. 1256, 1264 (W.D.La.1980). In West v. Hydro-Test, Inc., 196 So.2d 598 (La.App.1967), the court defined the manufacturer's duty to warn as follows:
 
 
 10
 We recognize that the manufacturer of a dangerous instrumentality is obligated to warn foreseeable users of the limitations of a product when use beyond its limitations may be fraught with potential perils. However, such rule is without application in those instances wherein the injured party either knows or should know of the limitations and restricted capabilities of the article.
 
 
 11
 Id. at 606. See also Bradco Oil & Gas Co. v. Youngstown Sheet & Tube Co., 532 F.2d 501, 504 (5th Cir.), cert. denied, 429 U.S. 1095, 97 S.Ct. 1111, 51 L.Ed.2d 542 (1977).
 
 
 12
 Whether an individual is a sophisticated user is ordinarily a question of fact to be decided by a jury. Fincher v. Surrette, 365 So.2d 860, 863 (La.App.1978). In considering whether the district court erred in denying Firestone's motions for directed verdict and judgment n.o.v., we review the implicit finding of the jury that Davis was not a sophisticated user under the familiar Boeing standard:
 
 
 13
 If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper.... The motions for directed verdict and judgment n.o.v. should not be decided by which side has the better of the case, nor should they be granted only when there is a complete absence of probative facts to support a jury verdict. There must be a conflict in substantial evidence to create a jury question.
 
 
 14
 Boeing v. Shipman, 411 F.2d 365, 374-75 (5th Cir.1969).
 
 
 15
 Given Davis' knowledge and experience with agricultural tires, the question narrows to whether the jury was entitled to find from the evidence that Davis should not have known of the dangers of inflating the tire above 35 psi.
 
 
 16
 At the time of his accident, Davis had been an agricultural tire serviceman with Sterling for approximately two years. During this time he mounted hundreds--perhaps thousands--of agricultural tires. The evidence is uncontradicted that during Davis' employment as a tire serviceman, all tire manufacturers unanimously recommended for all agricultural tires a maximum inflation level of 35 psi during mounting. This fact was conceded by Charles Strader, Davis' own tire expert. James Gardner, Firestone's tire expert, and Allen Segura of St. Mary's Tire Company also testified that 35 psi was the industry-wide maximum inflation level recommended for all agricultural tires, regardless of size. The wall charts and tire mounting instruction booklets plaintiff introduced at trial also corroborate this undisputed fact.
 
 
 17
 It is also clear from the record that all tire manufacturers attach a warning to their tires that cautions against inflation above 35 psi during mounting. Some manufacturers engrave this warning in the wall of their tires; others place a warning label on the tire as Firestone did in this case. Davis admitted that he saw many of these warnings before the accident but paid no attention to them. Although Davis had only a second grade education, he could read and understand the meaning of the word "warning." He testified that if he had seen this word on the tire that exploded he would have discussed it with his boss.
 
 
 18
 The jury may well have had a basis to find that Davis had no actual knowledge of the maximum recommended inflation level for the Firestone tire that exploded. The difficult question is whether the record supports the jury's finding that Davis should not have known of the recommended inflated pressure.
 
 
 19
 In Ducote, the court made it clear that a manufacturer need not warn against dangers of which the user is either aware or should be aware:
 
 
 20
 Moreover, to be relieved of the duty to warn, a manufacturer need not prove plaintiff's actual knowledge of the danger--it is sufficient that the manufacturer prove that the plaintiff should have known of the danger.... It follows that the manufacturer is under no duty to warn a "sophisticated user" of those dangers which he may be presumed to know through his familiarity with the product.
 
 
 21
 Ducote, 451 So.2d at 1213 [Citations omitted] (Emphasis in original).
 
 
 22
 We conclude that the jury had no basis for determining that Davis should not have known of the dangers of inflating the tire in excess of 35 psi. Before the accident, Davis had mounted hundreds of agricultural tires that warned against inflation above 35 psi. Davis' argument that he did not pay attention to these warnings does not excuse his ignorance. Applying the Boeing standard, reasonable men could reach only one conclusion on this issue: Davis should have known that the recommended maximum inflation level for the Firestone tire was 35 psi.
 
 
 23
 Because Davis should have known the maximum recommended inflation level for this tire, Firestone had no duty to warn him of the dangers of inflating the tire above 35 psi.
 
 
 24
 For these reasons, the verdict of the jury lacked substantial support in the record and the judgment of the district court is
 
 
 25
 REVERSED and RENDERED.