**Michael MORSBERGER, Plaintiff,**

v.

**UNIKING CONVEYOR CORP., Defendant.**

**Civ. A. No. 85–0191–A.**

United States District Court,
W.D. Virginia,
Abingdon Division.

Nov. 5, 1986.

Robert Detrick, Bristol, Va., Stephen Wallace, Bristol, Tenn., for plaintiff.

John E. Kieffer, Bristol, Va., for defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

This case is before the court on defendant's motion for summary judgment.

The underlying facts are as follows. Sunstrand Corp. ("Sunstrand") is a manufacturing company. It designed its own overhead conveyor belt and contracted with Universal Conveyor Co. ("Universal")[1] to manufacture and install this conveyor belt. Universal installed the conveyor belt on Sunstrand's premises in 1974. Wire caging enclosed part of the conveyor belt; however, a portion of the conveyor belt was not encased in any way to allow a fork lift to maneuver in the area. Consequently, if anything fell from the exposed area of the conveyor belt, it would drop to the floor rather than being caught in the caging. Universal initially placed warning signs on the exposed portion of the conveyor belt, but Sunstrand subsequently removed them. Plaintiff, Michael Morsberger ("Morsberger"), was working for Sunstrand[2] in 1983 when a housing fell from the unprotected segment of the conveyor belt and hit him on the head resulting in a concussion. Morsberger filed suit against Uniking claiming negligent failure to warn of the possible dangers of the exposed conveyor belt.[3] Uniking subsequently moved for summary judgment.

THE RESTATEMENT (SECOND) OF TORTS § 388 (1965) provides for the liability of a manufacturer of chattel for failure to warn. Virginia adopted this section in *Featherall v. Firestone Tire and Rubber Co.*, 219 Va. 949, 252 S.E.2d 358 (1979). Section 388 states:

One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier

---

1. Universal is a predecessor of the defendant company, Uniking Conveyor Corp. ("Uniking"). Uniking alleges that it is not the legal successor in interest of Universal. However, this court's resolution of whether Universal breached a duty to warn moots the successor in interest issue. The court will continue to distinguish between Universal and Uniking since Uniking raised this issue.

2. Sunstrand is actually a predecessor of Morsberger's employer, Bristol Compressors, Inc. However, distinguishing between Sunstrand and Bristol Compressors, Inc. only complicates narration of the underlying facts. Consequently, this court will refer to both Sunstrand and Bristol Compressors, Inc. as "Sunstrand."

3. Workers' Compensation precludes any action against Sunstrand.

(a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and

(b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and

(c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

THE RESTATEMENT (SECOND) OF TORTS § 388 (1965).

Liability under § 388 attaches only upon satisfaction of subsections a, b, and c. This court seriously doubts whether Morsberger can demonstrate Universal's failure to conform to § 388(a) and (b). However, to advance the argument, this court will assume satisfaction of the first two prongs and proceed to analysis of § 388(c).

This third factor attaches liability if a defendant has failed "to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous." THE RESTATEMENT (SECOND) OF TORTS § 388(c) (1965). Uniking has presented uncontroverted evidence that it posted warning signs on the unprotected portion of the conveyor belt shortly after installation. Deposition of Michael McInnis at 21.

Comment n to § 388[4] provides several factors to balance in determining the necessary precautions a manufacturer must take to avoid liability under § 388(c): "(1) the dangerous condition of the product; (2) the purpose for which the product is used; (3) the form of any warnings given; (4) the reliability of the third party as a conduit of necessary information about the product; (5) the magnitude of the risk involved; and (6) the burdens imposed on the supplier by requiring that he directly warn all users." *Goodbar v. Whitehead Bros.*, 591 F.Supp. 552, 557 (W.D.Va.1984), *aff'd* as *Beale v. Hardy*, 769 F.2d 213 (4th Cir.1985). Critical in this court's analysis is the sixth factor—"the burdens imposed on the sup-

plier by requiring that he directly warn all users." The burden on Universal (and subsequently Uniking) to warn every Sunstrand employee who ever worked in the area with the conveyor belt of its dangers would be unduly burdensome, particularly in light of Sunstrand's subsequent control of the conveyor belt. Logically a manufacturer's duty to warn cannot endure forever.

Furthermore, the Fourth Circuit has clearly held that in Virginia a manufacturer owes no § 388(c) duty to warn an employee of a knowledgeable industrial purchaser. The Fourth Circuit adopted this holding in *Spangler v. Kranco, Inc.*, 481 F.2d 373 (4th Cir.1973), in which the court determined that the manufacturer of an overhead crane built according to a subcontractor's specifications was not liable to the subcontractor's employee for failure to equip the crane with a warning device. *See also Marshall v. H.K. Ferguson Co.*, 623 F.2d 882 (4th Cir.1980), and *Goodbar*, 591 F.Supp. 552 (1984). The facts of the instant case fit squarely within this principle. Not only was Sunstrand a "knowledgeable industrial purchaser," but it also designed the conveyor belt at issue. As the *Featherall* court explained "The duty to warn stems from the view that the manufacturer should have superior knowledge of his product...." *Featherall*, 219 Va. at 962, 252 S.E.2d at 366. In the instant case the manufacturer does not possess superior knowledge.

Consequently, defendant's motion for summary judgment is granted.

The Clerk is directed to send certified copies of this Memorandum Opinion to counsel of record.

---

**4.** The Fourth Circuit adopted Comment n as Virginia law in *Barnes v. Litton Industrial Products, Inc.*, 555 F.2d 1184 (4th Cir.1974).