# Whiteley Construction Company v. Bethlehem Mines Corporation

*David B. Buerger,* for plaintiff.
*Roger J. Ecker,* for defendants.

RODGERS, *J.,* November 6, 1986 — In July 1985, Whiteley Construction Company sued Bethlehem Mines Corporation and Bethlehem Steel Corporation for about $38,000, together with interest, claiming that plaintiff, Whiteley, had entered into a subcontract with Ram Construction Company in October 1981 to pave an access road at a new portal of Bethlehem Mines near Eighty-Four, Pa. Ram had previously entered into a general contract with the owner, Bethlehem Mines, to grade and prepare the site for this portal, including the construction of the access road.

Whiteley claimed it completed its subcontract and was entitled to the $38,000 on December 30, 1981, but that Bethlehem Mines had failed to pay Ram the money due for its contract, and as a result Ram had been unable to pay Whiteley, and that

Bethlehem Mines had been unjustly enriched in the amount of about $38,000.

After defendants' preliminary objections had been dismissed, defendants filed an answer demanding proof that Whiteley had performed its subcontract and was entitled to the $38,000, and denied it had not made any payment for the paving.

Bethlehem further alleged, as new matter, on December 30, 1981, Ram owed Lane Metal Products Inc., a wholly-owned subsidiary of the Bethlehem Companies, about $32,500 for pipe and other materials supplied by Lane to Ram for construction of this mine portal, and claimed that defendants had the right to set off the amount owed its subsidiary, Lane, against any amount that might be owing to Ram Construction Company.

Defendants, Bethlehem, have now filed a motion to dismiss this case for lack of jurisdiction in this court on the grounds that Ram filed for protection and reorganization under Chapter 11 of the Bankruptcy Code in 1983, which was subsequently converted into an involuntary Chapter 7 liquidation; that plaintiff, Whiteley is listed among debtor Ram's unsecured creditors; that the claim of Lane Metals against Ram is also subject to the federal bankruptcy proceeding; that exclusive jurisdiction of this matter is in the bankruptcy court; and that the claim of plaintiff is subject to the automatic stay provision of section 362 of the Bankruptcy Code.

Plaintiff, Whiteley, argues that its claim is not related to the bankruptcy proceedings in which Ram Construction Company is the debtor, and that the case before this court does not involve the debtor, Ram, and is not subject to the automatic stay provisions of the Bankruptcy Code.

Section 1334(b) of the Bankruptcy Code, 28 U.S.C. §1334(b) says this:

"(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

The recent legislative history of this provision and its predecessor, section 1491, is discussed in the case of In Re Salem Mortgage Company, 783 F.2d 626 at 628 (6th Cir. 1986).

This section does not confer exclusive jurisdiction on the district court, but allows the district court to assume jurisdiction to hear cases related to the bankruptcy of the debtor. Pacor Inc. v. Higgins, 743 F.2d 984 at 994 (3d Cir. 1984) says this:

"The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. e.g. In re Hall 30 B.R. at 802; In re General Oil Distributors Inc. 21 B.R. 888, 892 n. 13 (Bankr.E.D.N.Y. 1982); In re U.S. Air Duct Corp. 8 B.R. 848, 851 (Bankr.N.D.N.Y. 1981); 1 Collier on Bankruptcy para. 3.01 at 3-49. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) or in any way affect the handling and administration of the bankrupt estate.

On the other hand, the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of section 1471(b). Judicial economy itself does not justify federal jurisdiction. See generally Aldinger v. How-

ard, 427 U.S. 1, 15, 96 S.Ct. 2413, 2420, 49 L.Ed.2d 276 (1976). '[J]urisdiction over nonbankruptcy controversies with third parties who are otherwise strangers to the civil proceeding and to the parent bankruptcy does not exist.' In re Haug, 19 B.R. 223, 224-5 (Bankr.D.Ore. 1982); See also In re McConaghy, 15 B.R. 480, 481 (Bankr.E.D., Va. 1981) (Bankruptcy court lacks jurisdiction to decide disputes between third parties in which the estate of the debtor has no interest)."

The Bankruptcy Code permits either the debtor's representative, or other party in interest, to petition for injunctive relief or removal to the federal court of this case. A.H. Robins Company Inc. v. Piccinin, 799 F.2d 994 (4th Cir. 1986). No such petition has been filed or granted. Accordingly, this court finds that jurisdiction of this action between Whiteley and Bethlehem has not been pre-empted.

Bethlehem also argues that the case at bar is subject to the automatic stay provision of 11 U.S.C. §362.

However, the language of the statute, 11 U.S.C. §362 extends stay proceedings only to actions "against the debtor." Fortier v. Dona Anna Plaza Partners, 747 F.2d 1324 at 1330 (10th Cir. 1984). The debtor, Ram, is not a party to the case at bar, and its trustee is not bound by the outcome of the action in this court. Pacor, supra, 745 F.2d at 995.

## ORDER OF THE COURT

And now, this November 6, 1986, the motion of defendants, Bethlehem Mines Corporation and Bethlehem Steel Corporation, to dismiss for lack of jurisdiction is refused.

The nonjury trial of this matter will commence before this court Thursday, February 26, 1987, at 9:30 a.m.