**TODD SHIPYARDS CORP.,**
Plaintiff–Appellant,

v.

**HERCULES, INC., Ametek, Inc., Haveg Division, and the ABC Ins. Co.,**
Defendants–Appellees.

No. 87–3616.

United States Court of Appeals,
Fifth Circuit.

Nov. 15, 1988.

---

18. *See* Fed.R.Civ.P. 8(f).

Allen F. Campbell, G. Alex Weller, New Orleans, La., for Todd Shipyards Corp.

Benjamin R. Slater, Jr., Julie E. Rodrigue, New Orleans, La., for Hercules, Inc./Ametek, Inc.

Before WISDOM, GEE and RUBIN, Circuit Judges.

PER CURIAM:

In 1984, Todd Shipyards Corporation brought suit against Ametek, Inc. for damages caused by fire in the instrument control (IC) room of the ship USCGC WESTWIND. Todd had contracted with the United States Coast Guard to make repairs to the vessel. To protect against fire when using a welding torch, Todd used a product called Siltemp, a thermal barrier cloth manufactured by the defendant. Siltemp has been widely used in the shipyard industry as an alternative to asbestos in welding and burning applications.

Todd alleged the product was defectively designed or manufactured, or in the alternative, that the defendant failed to warn them of the dangerous propensities of Siltemp. In a bench trial, the district court found that the plaintiff had not fully and adequately protected the IC room from sparks and molten metal that caused the fire. The court also found the plaintiff to be a knowledgeable and sophisticated user of the product, adequately informed of Siltemp's uses and limitations.

The issue on appeal is whether the district court was clearly erroneous in finding that the defendant adequately warned Todd of the application and limitations of Siltemp. A manufacturer's duty to warn is limited "where the purchaser or the user has certain knowledge or sophistication, professionally or otherwise, in regard to the product." *American Mutual Liability Insurance Co. v. Firestone & Rubber Co.*, 799 F.2d 993, 994 (5th Cir.1986). *See also Poland v. Beaird–Poulan*, 483 F.Supp. 1256, 1264 (W.D.La.1980); *Ducote v. Liberty Mutual Insurance Co.*, 451 So.2d 1211 (La.App.4th Cir.); *cert. denied*, 457 So.2d 15 (La.1984).

The district court found that Todd had purchased the protective thermal product from Ametek and its predecessor, Hercules, Inc., since 1977 and that it continued to use the product as of the date of the trial in 1987. Since Ametek did not sell Siltemp to consumers but targeted its advertising to specific industries such as those involved in ship construction and repair, the warning or instruction given was held sufficient in light of Todd's expertise. Ametek's precautionary literature warns in relevant part:

> We cannot anticipate all conditions under which this information and our products.... may be used.... Users are advised to make their own tests to determine the safety and suitability of each such product.... Unless otherwise agreed in writing, we sell the products without warranty, and buyers and users assume all responsibility and liability for loss or damage arising from the handling and use of our products, whether used alone or in combination with other products.

The court found that the cause-in-fact of the fire was Todd's failure to take adequate precautions to protect the IC room against sparks and molten metal. Allegations of defective manufacture of the particular material used in the IC room were not proved. In addition to using an inappropriate welding tip—a needlessly large one which generated a shower of slag and sparks—the great mass of electrical wiring

and cables was not protected against the overhead burning. The court also heard testimony from expert witnesses confirming that it was common knowledge in the industry that thermal barriers such as Siltemp would sometimes burn. Even the plaintiff's own employees stated that they knew the product could burn under certain circumstances.

Based upon the evidence presented at trial, the court's finding was not clearly erroneous. The plaintiff, a sophisticated user of the product over an extended period of time, was and is aware that the product could burn. The judgment of the district court is therefore

AFFIRMED.