**Mr. & Mrs. Earl GAUTREAUX**

v.

**TEX–STEAM COMPANY, et al.**

**Civ. A. No. 87–4396.**

United States District Court,
E.D. Louisiana.

Oct. 25, 1989.

Robert B. Keaty, Michael J. Breaux, Lafayette, La., for plaintiffs.

Stephen R. Doody, Arnd N. Von Waldow, Sessions, Fishman, Boisfontaine, New Orleans, La., Nathan, Winn, Butler & Barkley, for Brunswick Valve and Control, Inc.

Randy Kleinman, Hulse, Nelson & Wanek, New Orleans, La., for The American Cas. Co.

## ORDER AND REASONS

MENTZ, District Judge.

This matter is before the Court on the motion of defendant, Brunswick Valve and Control, Inc. (Brunswick), for judgment notwithstanding the verdict, or alternatively, motion for a new trial, or in the further alternative, motion to alter, amend and/or correct judgment. After oral argument, the matter was taken under submission. The parties subsequently engaged in protracted settlement negotiations which proved fruitless. Having reviewed the evidence and the applicable law, the Court finds that Brunswick is entitled to judgment notwithstanding the verdict.

Plaintiff, Earl Gautreaux, was injured on an offshore production platform when he attempted to open a valve manufactured by Brunswick. The platform was designed and constructed by Shell Oil Company (Shell), who placed the valve on the platform. Several years later, Shell sold the platform with the valve in place to Taylor Energy Company, Gautreaux's employer at the time of the accident.

Gautreaux did not have a claim that the valve was defective in design or construction, or that it malfunctioned. The issue put to the jury was whether Brunswick failed to warn that the valve was subject to a phenomenon known as "pressure lock" and failed to instruct that a handle of a certain length was needed to open the valve when it was under "pressure lock."

Gautreaux worked for Taylor Energy as a pumper, reading pressure gauges and testing wells by opening and closing valves under varying pressures. At the time of the accident, a high pressure alarm had sounded signifying that there was too much pressure on the system. Gautreaux saw from the gauge that the pressure was

at least 1050 pounds per square inch. Initially, he tried to open the valve with an eighteen inch handle and hurt his back. He then called a helper to assist him. They eventually opened the valve with a five foot cheater pipe.

The jury rendered a verdict in favor of Gautreaux with a total damage award of $592,500.00. In doing so, the jury implicitly found that Gautreaux could not reasonably be expected to know of any dangers associated with operation of the valve.

■ Contrary to plaintiff's argument, the record establishes that Brunswick timely moved for a directed verdict at the close of plaintiffs' case and again at the close of all the evidence. The fact that defendant called its witness, Dr. Brown, out of turn, does not invalidate defendant's motion for directed verdict as it was properly urged after plaintiffs had completed submission of their evidence. Brunswick has satisfied the predicate for bringing a motion for judgment notwithstanding the verdict. *See* Fed.R.Civ.P. 50(a) and (b).

■ Under Louisiana law, a manufacturer need not warn of dangers of which the user knows or reasonably should be expected to know. La.Rev.Stat.Ann. § 9:2800.57B(2). *See also Todd Shipyards Corp. v. Hercules, Inc.,* 859 F.2d 1224, 1225 (5th Cir.1988) and *American Mutual Liability Insurance Co. v. Firestone Tire & Rubber Co.,* 799 F.2d 993, 994 (5th Cir. 1986) (quoting *Poland v. Beaird–Poulan,* 483 F.Supp. 1256, 1264 (W.D.La.1980) (a warning is unnecessary where "the user has certain knowledge or sophistication, professionally or otherwise, in regard to the product.")) "For example, a seaman working in the boiler room of a vessel need not be warned of the dangers associated with the boiler which are within the realm of his experience and expertise, although a layman may be unaware of such dangers." *Poland,* 483 F.Supp. at 1264. Although the question of whether a person is a sophisticated user is ordinarily a question of fact for the jury, a judgment notwithstanding the verdict is appropriate where the record can only support one conclusion which is contrary to the jury's verdict. *See*

*American Mutual Liability Insurance Co. v. Firestone Tire and Rubber Company,* 799 F.2d at 994–95; *see also Boeing Co. v. Shipman,* 411 F.2d 365 (5th Cir. 1969) (en banc) (a motion for judgment notwithstanding the verdict should be denied where there is "evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions.")

Such is the situation in the case at bar. Gautreaux had several years experience with various companies as a pumper before he was hired by Taylor Energy. He voluntarily left Taylor Energy for personal reasons, but was re-hired when he wrote a letter citing his familiarity with the company's operations and procedures, and his years of experience in oil and gas operations. Taylor Energy put Gautreaux in charge of their production platform. Gautreaux admitted that Taylor Energy did not give him any instruction because he already knew how to gauge and test wells and operate manifold valves. He knew that the more pressure a valve is under, the more leverage will be needed to open it. He also knew that a longer handle will provide more leverage and that a cheater pipe was available for such purposes. It was one of Gautreaux's duties to train workers in such matters. Moreover, Gautreaux testified that even were he specifically provided written instructions explaining what amount of torque and handle length is necessary to open a valve under a certain amount of pressure, he would not have used it because he "had no need for it."

Thus, Gautreaux's own uncontradicted testimony is that he had actual knowledge or, at a minimum, should have known of the dangers associated with operation of a valve under great pressure. There is no substantial evidence in the record to support the jury's finding that Gautreaux should *not* have known of the dangers in question. Reasonable men could only conclude that Brunswick had no duty to provide warnings or instructions because Gautreaux was a sophisticated user. *See Id.*

Brunswick also raised two other grounds for judgment notwithstanding the verdict—that Shell was a "learned intermediary" and that plaintiff failed to prove causation. While it appears to the Court that these contentions have merit it is unnecessary to dispose of them in view of the above ruling.

Accordingly,

IT IS ORDERED that the motion of defendant, Brunswick Valve and Control, Inc., for judgment notwithstanding the verdict is GRANTED dismissing with prejudice and costs all of plaintiffs' claims against Brunswick Valve and Control, Inc.