Carol Francis DAVIS, Wife of/and Cornelius Louis Davis, III, Plaintiffs–Appellants, Cross–Appellees,

and

Loretta Cay Noble, et al., Plaintiffs–Appellants,

v.

AVONDALE INDUSTRIES, INC., Intervenor–Appellee,

v.

AUFHAUSER BROTHERS CORPORATION and Engelhard Corporation, Defendants–Appellees, Cross–Appellants.

No. 90–3800.

United States Court of Appeals, Fifth Circuit.

Oct. 16, 1992.

Lawrence D. Wiedemann, Lloyd Bowers, Wiedemann & Wiedemann, New Orleans, La., for Carol Davis, Cornelius Davis and Loretta Cay Noble.

Howard Daigle, Jr., New Orleans, La., Barbara L. Arras, Phelps, DunBar, New Orleans, La., for Aufhauser and Engelhard Corp.

Thomas G. Buck, Richard S. Vale, Christopher M. Landry, Blue, Williams & Buckley, Metairie, La., for Avondale.

Before THORNBERRY, GARWOOD, and DAVIS, Circuit Judges.

GARWOOD, Circuit Judge:

Plaintiff-appellant Carol Frances Davis (Davis) appeals the reduction of her jury award for damages in her product liability and negligence action. Defendants-appellees-cross-appellants Engelhard Corp. (Engelhard) and Aufhauser Brothers Corp. (Aufhauser), appeal the judgment against them on the ground that the trial judge refused their requested jury instruction.

Because we find that the trial court erred in refusing to include the substance of this instruction in its charge to the jury, we reverse and remand. We do not reach the issues raised in Davis' appeal.

## Facts and Proceedings Below

Davis, a welder employed by Avondale Industries, Inc. (Avondale), a ship-builder, contracted various lung diseases from breathing fumes emitted during the use in her employment of cadmium-based brazing rods furnished by Avondale. The rods were manufactured by Engelhard and were distributed by Aufhauser to Avondale. Avondale paid Davis workers' compensation benefits of roughly $26,000 and medical benefits of roughly $5,000 pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* (LHWCA).

Davis brought a product liability suit against Engelhard and Aufhauser on theories of negligent failure to warn and the strict liability product defect of insufficient warning. She alleged that Engelhard and Aufhauser should have warned her about the dangers of fumes emitted during use of the brazing rods. Evidence adduced at trial tended to show that Davis and Avondale were familiar with the dangers of exposure to the fumes emitted by the brazing rods. The defendants requested, and the district court refused, an instruction stating in substance that a manufacturer has no duty to warn employees of a sophisticated purchaser who furnishes the product to its employees for their use, is aware of the possible health hazards associated with the product's use, and is under a duty to warn its employees thereof. The district judge based his refusal on the ground that the substance of the requested instruction was already covered in the charge as given.

The jury found for the plaintiff in the amount of $250,000 in damages, and for her husband, for loss of consortium, in the amount of $27,500. In response to a special interrogatory, the jury found Engelhard and Aufhauser collectively forty percent at fault, Avondale twenty-nine percent at fault and Davis thirty-one percent at fault for Davis' injuries. The district court reduced Davis' judgment by the proportional amounts of both her own and Avondale's negligence as found by the jury. The district court then reduced Avondale's reimbursement for LHWCA compensation paid by its own proportional negligence. Davis appeals the district court's judgment, complaining that her recovery should not have been reduced by Avondale's proportional negligence.[1]

Avondale, though it did not file a notice of appeal, has filed a brief arguing that its reimbursement should not have been reduced by the amount of its proportional negligence because of an earlier stipulation and because such a reduction is prohibited by the LHWCA.

Engelhard and Aufhauser cross-appeal urging that the district court committed reversible error in refusing to include their requested "sophisticated purchaser" instruction in the jury charge.

## Discussion

We initially dismiss any request for relief made by Avondale on appeal because it did not file a notice of appeal. Fed.R.App.P. 3(a).

Because Engelhard's and Aufhauser's cross-appeal concerns the validity of the jury's verdict against Engelhard and Aufhauser, we shall consider the cross-appeal first.

Engelhard and Aufhauser requested that the following instruction (among others) be submitted to the jury:

"When a manufacturer or distributor sells an industrial product to a sophisticated purchaser, and that purchaser then supplies the product to its employee for use, the manufacturer and distributor have no legal duty to provide any warnings to the employee/user concerning possible health hazards associated with the product's use. A sophisticated purchaser is one who by experience and expertise is aware of the possible health hazards associated with the use of the

---

1. Davis appeals the reduction only of her award, not her husband's.

product, and who has an obligation to inform its employees of such potential health hazards. Therefore, if you find that Avondale is a sophisticated purchaser of brazing alloys, then you must return your verdict in favor of defendants."

The district court overruled the objection of cross-appellants to the charge for failing to include this requested instruction because "that instruction is implicit in the other instructions that I gave."

The charge actually given to the jury by the district court was, in relevant part, as follows:

"In considering the adequacy of the warning, you must consider the knowledge and expertise of those who may reasonably be expected to use or otherwise come in contact with the product as it proceeds along its intended marketing chain. The manufacturer or supplier is obligated to warn the user of potential dangers of which the manufacturer or supplier is aware, and which it would reasonably anticipate. Adequate warnings are required as to all foreseeable uses or misuses of the product.

. . . . .

... I also instruct you that a manufacturer and/or supplier has a duty to give notice or warning of dangerous qualities of the article it manufactures or supplies if those qualities are not apparent to the user. If the product is dangerous to human life if improperly used and if the danger is not apparent to the user, and if the manufacturer or supplier can foresee a substantial risk that the product may be improperly used, the manufacturer or supplier must notify the public by labels or instructions regarding the manner in which the articles may be safely used.

However, there is no duty to warn a person of a danger that is obvious or a danger which he or she knows about. A manufacturer or distributor is not compelled to warn knowledgeable users or buyers of dangers which the user or buyer either knows or should be aware of based upon his or her knowledge or experience. The manufacturer's or dis-

tributor's duty extends to non-apparent dangers or foreseeable risks in the use of the product.

You must also consider whether Plaintiff's injuries, if any, resulted in whole or in part from any negligence on the part of Avondale Industries. The term 'negligence' as applied to Avondale Industries is as defined and previously explained to you. Specifically, Avondale could be found partly or wholly liable for what happened if it was negligent in training or failing to pass on the warnings to Plaintiff and such negligence was a proximate cause of Plaintiff's injuries. Defendants have the burden of proving this defense by a preponderance of the evidence."

 Under Louisiana law, a manufacturer has no duty to warn a sophisticated *user*. The Louisiana Products Liability Act provides that: "A manufacturer is not required to provide an adequate warning about his product when ... [t]he user or handler of the product already knows or reasonably should be expected to know of the characteristic of the product that may cause damage and the danger of such characteristic." La.Rev.Stat.Ann. § 9:2800.-57(B)(2) (West 1991). *See also Duncan v. Louisiana Power & Light Co.*, 532 So.2d 968, 972 (La.App., 5th Cir.1988) ("There is no duty to warn a sophisticated user of dangers of which he may be presumed to know through his familiarity with the product."); *Gautreaux v. Tex–Steam Co.*, 723 F.Supp. 1181, 1182 (E.D.La.1989), *aff'd*, 921 F.2d 274 (5th Cir.1990) (table).

 Similarly, a manufacturer has no duty to warn a sophisticated *purchaser*. "... Louisiana does not hold a manufacturer is compelled to warn sophisticated purchasers of dangers of which the buyer either knows or should be aware." *Bradco Oil & Gas Co. v. Youngstown Sheet & Tube Co.*, 532 F.2d 501, 504 (5th Cir.1976), *cert. denied*, 429 U.S. 1095, 97 S.Ct. 1111, 51 L.Ed.2d 542 (1977).

Here, Avondale was clearly both a user and a purchaser of the rods in question.

■ Finally, though no Louisiana case has clearly addressed the issue, *see Mozeke v. International Paper Co.*, 933 F.2d 1293, 1297 & n. 2 (5th Cir.1991), we conclude that Louisiana courts would likely hold that in a setting such as this the product manufacturer owes no duty to the *employee* of a purchaser if the manufacturer provides an adequate warning of any inherent dangers to the purchaser or if the purchaser has knowledge of those dangers and the duty to warn its employees thereof. *See West v. Hydro-test, Inc.*, 196 So.2d 598, 606 (La. App. 1st Cir.1967).[2] Many courts hold that the supplier of a product to an employer discharges any duty to warn the purchaser's employees by warning their employer, and that no warning to either is required if the employer is already aware of the hazard. *City of Jackson v. Ball*, 562 So.2d 1267, 1270 (Miss.1990); *Pridgett v. Jackson Iron & Metal Company*, 253 So.2d 837, 843–44 (Miss.1971); *Cook v. Barnick Mfg., Inc.*, 736 F.2d 1442, 1446 (11th Cir.1984) (Alabama law); *Martinez v. Dixie Carriers*, 529 F.2d 457, 466 (5th Cir.1976);[3] *Goodbar v. Whitehead Bros.*, 591 F.Supp. 552, 559 (W.D.Va.1984) ("in Virginia there is no duty on product suppliers to warn employees of knowledgeable industrial purchasers as to product-related hazards"), *aff'd. sub nom. Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985) ("The district court correctly analyzed this issue under the Restatement (Second) of Torts § 388"); *Byrd v. Brush Wellman, Inc.*, 753 F.Supp. 1403, 1405 (E.D.Tenn.1990) (same); *Higgins v. E.I. DuPont de Nemours, Inc.*, 671 F.Supp. 1055, 1058–59 (D.Md.1987); *Morsberger v. Uniking Conveyer Corp.*, 647 F.Supp. 1297, 1299 (W.D.Va.1986) ("in Virginia a manufacturer owes no § 388(c) duty to warn an employee of a knowledgeable industrial purchaser"). So far as a claim by an employee of a purchaser is concerned, in any instance where a seller's actual warning to the purchaser would discharge any duty of the seller to warn the purchaser's employees it logically follows that the seller is likewise discharged of the duty to warn the employee if the seller has no duty to warn the employer because of the latter's sophistication.

■ We recognize, however, that certain courts have indicated that whether the seller has a duty to warn third parties may depend on whether the seller has reason to assume that the purchaser will do so. It is usually held that the seller may so assume where the purchaser is a sophisticated user and the third parties are employees of the purchaser whom it has a duty to warn or protect. In *Adams v. Union Carbide Corp.*, 737 F.2d 1453, 1457 (6th Cir.), *cert. denied*, 469 U.S. 1062, 105 S.Ct. 545, 83 L.Ed.2d 432 (1984), the court sustained summary judgment for the supplier concluding that because the employer regularly received updated information from the supplier and had a duty to its employees to provide them a safe place to work, the supplier as a matter of law could reasonably rely on the employer to provide its employees adequate warnings or protection. *See also Smith v. Walter C. Best, Inc.*, 927 F.2d 736, 740–44 (3d Cir.1990); *Purvis v. PPG Industries*, 502 So.2d 714, 720–21 (Ala.1987).[4] This concept was embodied in the requested instruction's requirement that Avondale be "one who by

---

**2.** Though this principle is a creature of the common law and predates the enactment of the Louisiana Products Liability Act, La.Rev.Stat. Ann. § 9:2800.51 et seq. (West 1991), this Court has applied in cases governed by Louisiana law other common law products liability doctrines, such as the learned intermediary doctrine, after the enactment of La.Rev.Stat.Ann. § 9:2800.57. *See Willett v. Baxter Intern., Inc.*, 929 F.2d 1094, 1098 (5th Cir.1991).

**3.** In *Dixie Carriers* we relied in part on *Jacobson v. Colorado Fuel & Iron Corp.*, 409 F.2d 1263 (9th Cir.1969), which we described as holding that

"the manufacturer of the cable could not be held strictly liable for the foreman's death, since the decedent's employer should have known and actually did know the dangers inherent in the use of the cable in the tightening device. The manufacturer had no duty to warn the purchaser of its cables of dangers already known by the purchaser and its supervising personnel." *Dixie Carriers* at 466.

**4.** *But see Willis v. Raymark Industries*, 905 F.2d 793, 797 (4th Cir.1990) (supplier must show not only employer knowledge but also that "it had reason to believe that the employer was or would be acting to protect the employees").

experience and expertise is aware of the possible health hazards associated with the use of the product, and who has an obligation to inform its employees of such potential health hazards." Davis does not (and did not) question the accuracy of the requested instruction under Louisiana law.[5] Moreover, the undisputed evidence reflects that one in the position of the suppliers would have reason to believe that Avondale, which had an extensive work place safety program including hazardous substance and brazing operations, would act to protect its employees. That makes particular sense where, as here, the potentially dangerous item is a consumable product.

Engelhard and Aufhauser do not dispute that the charge as given did adequately inform the jury of the sophisticated user defense in the context of *Davis* as a sophisticated *user*. The crux of the disagreement between Davis and these defendants, then, and the critical issue in their cross-appeal, is whether the charge adequately informed the jury that if Engelhard and Aufhauser were successful in proving that *Avondale* was a sophisticated purchaser,[6] then the defendants owed no duty to warn *Davis*.

We agree with Engelhard and Aufhauser that the charge as given did not adequately instruct the jury on this legal theory. Though the charge addresses the sophisticated user/purchaser doctrine in the context of Avondale and Davis severally, it does not instruct that Engelhard and Aufhauser owed no duty to warn *Davis* if Avondale was, itself, a sophisticated purchaser with a duty to warn Davis.

At best, the charge as given instructed that Engelhard and Aufhauser owed no duty to Davis to warn her of dangerous conditions if *she* was a "knowledgeable user," and owed no duty to Avondale to warn *it* of similar dangers if *it* was a "sophisticated buyer." Even with the further instruction that Avondale may have been, through its negligence, wholly or partially responsible for Davis' injuries, the charge as a whole does not even arguably convey the concept that Engelhard's and Aufhauser's duty to Davis may be completely discharged by Avondale's status as a sophisticated purchaser with a duty to warn its employees of the relevant hazard. What this latter part of the court's instructions, and the charge as a whole, lacked was any communication of the concept that if Avondale was knowledgeable with regard to the relevant hazards and had a duty to warn Davis thereof, then it was not Engelhard's or Aufhauser's duty to warn *Davis*, whether or not *Davis* was a sophisticated user.

We note that somewhat similar instructions to those given in this case were held by this Court in *Mozeke not* to amount to an instruction that the manufacturer of the dangerous product owed no duty to warn to an employee of the sophisticated purchaser.[7]

■■■■ The district court has, of course, broad discretion in formulating the charge. *Bradshaw v. Freightliner Corp.*, 937 F.2d 197, 200 (5th Cir.1991); *Barton's Disposal Service, Inc. v. Tiger Corp.*, 886 F.2d 1430, 1434 (5th Cir.1989). It is under no obligation to couch the charge in terms requested by counsel. *Pierce v. Ramsey Winch Co.*, 753 F.2d 416, 425 (5th Cir. 1985). On appeal, the charge must be considered as a whole, and so long as the jury is not misled, prejudiced, or confused, and

---

**5.** And, as noted, the district court refused the instruction only because it concluded that it was "implicit in the other instructions" given.

**6.** Davis does not dispute that there was sufficient evidence presented at trial to support a finding that Avondale was a sophisticated purchaser with a duty to warn its employees such as Davis of the relevant potential health hazards; indeed, the evidence in this respect was, at the least, extremely strong.

**7.** In *Mozeke* the verdict was for the defendant, and the plaintiff on appeal contended that the charge eliminated the defendant's duty to warn the employee if the employer were found to be a sophisticated purchaser. We held that the charge did not have that effect, but spoke in that respect only to the duty to warn the employer, so that the charge's general duty to warn language applied to the duty to warn the employee. We hence did not reach the issue of whether the charge would have been correct if it had the effect plaintiff claimed.

the charge is comprehensive and fundamentally accurate, it will be deemed adequate and without reversible error. *Bradshaw, supra,* 937 F.2d at 200. This Court will only reverse when the charge as a whole leaves us with a substantial and ineradicable doubt whether the jury has been properly guided in its deliberations. *Treadaway v. Societe Anonyme Louis–Dreyfus,* 894 F.2d 161, 167–68 (5th Cir. 1990); *Barton's Disposal Service* at 1435.

Nevertheless, a defendant is "entitled to the submission of an appropriate instruction on its theory of defense," *Hornsby Oil Co., Inc. v. Champion Spark Plug Co.,* 714 F.2d 1384, 1397 (5th Cir.1983), and we have not hesitated to reverse where, despite proper request and objection, the charge fails to in any adequate way present a theory of defense, or recovery, properly raised by evidence. *See, e.g., Barton's Disposal Service* at 1435–37; *Leonard v. Aluminum Co. of America,* 800 F.2d 523 (5th Cir.1986); *Hornsby Oil Co.; McClendon v. Reynolds Electrical and Engineering,* 432 F.2d 320, 322–23 (5th Cir.1970); *Lind v. Aetna Casualty and Surety Company,* 374 F.2d 377, 380 (5th Cir.1967). That is the situation here, and reversal is accordingly required.

Because of our disposition of Engelhard's and Aufhauser's cross-appeal, we express no opinion on the issues raised in Davis' appeal, there being no assurance that the jury in any retrial will find both Avondale and Englehard–Aufhauser at fault.

### Conclusion

We hold that the district court erred in refusing to in any way cover in the charge the theory of defense raised by the evidence and presented by Engelhard's and Aufhauser's proffered jury instruction, and we accordingly reverse and remand for another trial.

REVERSED AND REMANDED.