Patricia Lynn Gialy FOREST, Plaintiff,

v.

VITEK, INC. a Texas corporation; E.I. du Pont de Nemours & Co., a Delaware corporation; The Methodist Hospital, a Texas non-profit corporation, and Does I–X, Defendants.

No. CV–N–90–0467–ECR.

United States District Court,
D. Nevada.

April 9, 1993.

379

Blaine E. Cartlidge, Gordon & Silver, Ltd. by Don Springmeyer and Jeffrey A. Dickerson, Reno, NV, for plaintiff.

Kathryn C. Grogman of Dickson, Carlson & Campillo, Los Angeles, CA and Dan C. Bowen of Lionel Sawyer & Collins, Reno, NV, for defendants.

## ORDER

EDWARD C. REED, Jr., Bankruptcy Judge.

This Order grants Defendant E.I. du Pont de Nemours & Co.'s (Du Pont) supplemental motion for summary judgment (document # 112). In a previous Order dated April 15, 1992, this Court denied said defendant's motion for summary judgment with regard to the claims at issue here.[1] However, further

---

1. Summary judgment was granted in part to defendants with regard to plaintiffs' claims for

discovery and development of the record, clearly and abundantly documented in defendants statement of facts (document #113) now make summary judgment as to plaintiffs' claims for negligence, implied warranty and strict product liability appropriate. By way of review, the matters at hand involve plaintiffs who received jaw implants manufactured with polytetrafluoroethylene (PTFE) a product made by defendant Du Pont and sold in bulk to defendant Vitek, the designers and manufacturers of the implants.

Plaintiffs' implied warranty claim fails because there can be no warranty claim against Du Pont. The undisputed facts show that there was no expectation on behalf of Vitek or Dr. Homsy that one of PTFE's ordinary purposes was its use in medical implants. Because Vitek can have no warranty claim against Du Pont, there can be none from which the plaintiffs can derive such a claim.

Plaintiff's negligence and strict liability "inadequacy of warnings" theories are to be considered together. Many courts, including this one as noted in the April 15th order, find that there is no practical difference between an action in negligence for breach of one's duty to warn and an action in strict liability for a product defect due to inadequate warning or labeling. *See* Court Order dated April 15, 1992. The bulk supplier doctrine is an absolute defense to these warning claims. Moreover, summary judgment is proper if Du Pont can demonstrate that the evidence in the record so conclusively establishes each element of the bulk seller doctrine that there is no genuine issue of material fact. *See e.g. Higgins v. E.I. DuPont de Nemours, Inc.*, 671 F.Supp. 1055 (D.Md.1987); *Sara Lee Corporation v. Homasote Company*, 719 F.Supp 417 (D.Md.1989); *Smith v. Walter C. Best, Inc.*, 927 F.2d 736 (3rd Cir.1990). Du Pont has now met this burden and summary judgment will be granted.

◼ The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Zweig v. Hearst Corp.*, 521 F.2d 1129 (9th

Cir.), *cert. denied*, 423 U.S. 1025, 96 S.Ct. 469, 46 L.Ed.2d 399 (1975). The moving party is entitled to summary judgment as a matter of law where, viewing the evidence and the inferences arising therefrom in favor of the nonmovant, there are no genuine issues of material fact in dispute. Fed. R.Civ.P. 56(c); *Semegen v. Weidner*, 780 F.2d 727 (9th Cir.1985). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141 (9th Cir.1983).

◼ The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon the mere allegations or denials of his pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

◼ In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Anderson, supra.* As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes which are irrelevant or unnecessary will not be considered. *Id.* at 248, 106 S.Ct. at 2510. Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex, supra.*

◼ Summary judgment is not a disfavored procedural shortcut, but an integral part of the federal rules as a whole. *Id.* When faced with a motion for summary judgment, the material before the court "must be viewed in the light most favorable to the

express warranty, strict liability-misrepresentation, and negligent misrepresentation by the

April 15, 1992 Order.

[non-moving] party." *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

*A. Negligence and Strict Liability and the Bulk Supplier Defense*

This Court was previously concerned that a disclaimer alone was insufficient to invoke a bulk supplier defense adequate to withstand summary judgment. The augmented record combined with this Court's satisfaction that the bulk supplier defense is an appropriate defense under Nevada law relieve the Court of any of its earlier concerns.

■ The relevant question in determining the sufficiency of a bulk supplier defense is whether the bulk supplier was objectively reasonable in relying on a knowledgeable intermediary to provide a warning to ultimate users. *Sara Lee Corp. v. Homasote Co.*, 719 F.Supp. 417 (D.Md.1989). Du Pont had to prove that (1) it was reasonable in believing that the intermediary (Vitek) knew of the dangers associated with the bulk product, and (2) that Du Pont was reasonable in relying on the intermediary to warn the ultimate user of such dangers. As we stated in our previous order, Du Pont must show that it took some reasonable, affirmative steps to ascertain that Vitek was a knowledgeable intermediary. Such steps must rise above the level of a mere disclaimer but need not go so far as to have required Du Pont to second-guess Vitek's action in carrying-out its own duty to warn. (document # 65, pp. 13, 15–16) At the time of the original motion for summary judgment Du Pont rested its case on a very limited record, namely the disclaimer sent by Du Pont and returned by Vitek. This Court thought more evidence was in order regarding (a) the objective facts of Vitek's knowledge about the risks of using PTFE in medical implants; and (b) the objective facts on Vitek's ability to perform its own duties as a "knowledgeable intermediary" before summary judgment could be granted. The record has now been adequately developed such that any reservations this Court previously held about the appropriateness of a summary judgment based on the bulk supplier defense is alleviated.

■ The record has now been supplemented with information which was not in the record at the time of Du Pont's original motion for summary judgment. The undisputed facts now conclusively establish the presence of all the prerequisites described by this court for the application, as a matter of law of the bulk seller/sophisticated user doctrine. It is clear and undisputed that: 1) Du Pont sold only raw industrial materials in bulk form. 2) Du Pont's raw materials contained no "manufacturing defect." 3) Du Pont's raw materials are inherently inert and safe for their ordinary industrial purposes; 4) Du Pont's vendee, Dr. Homsy and Vitek were experts with regard to Du Pont's materials and knew their properties. They were fully trained and knowledgeable about the published concerns regarding the use of PTFE inside a joint where it might be abraded. 5) In addition to their independent knowledge, Du Pont told Dr. Homsy and Vitek what it knew about concerns expressed by others regarding PTFE inside a loaded hip joint. Du Pont did no independent testing, and expressly disclaimed the suitability of its polymer products for medical applications. 6) Du Pont's vendees, Dr. Homsy and Vitek, acknowledged that they already knew what Du Pont told them and confirmed to Du Pont that they were fully capable of passing on their knowledge to their purchasers. 7) The FDA had a pervasive statutory and regulatory scheme, the purpose of which was to ensure the safety of medical devices such as the products Dr. Homsy and Vitek were making with Du Pont's raw materials. 8) Dr Homsy and Vitek had a legal, criminally-enforceable, duty to tell the FDA relevant facts and they committed in writing to Du Pont that they would fulfill their duties as federally-regulated medical device manufacturers. Vitek had a common law duty to warn the patients doctors about relevant risks in the use of its finished products and this duty was also regulated by the FDA. 9) The FDA published what it knew about the same concerns as Du Pont was aware of, and still allowed Vitek's product to be sold.

The record now reflects the undisputed facts required to conclusively establish the presence of all the prerequisites described by the Court, for the application, as a matter of law, of the bulk seller doctrine. It is clear that Du Pont was reasonable in believing that the intermediary knew of the dangers associated with the bulk product and was

reasonable in relying on the intermediary to warn the ultimate user of such dangers.

### B. Implied Warranty Theory

■ The Court was previously concerned that an expectation that one of PTFE's ordinary purposes was its use in medical implant materials. The supplemented record shows that no such expectation was ever created. In fact, Du Pont informed Dr. Homsy and Vitek that PTFE was not ordinarily used in such materials. Moreover, Homsy and Vitek acknowledged in writing that Du Pont was not creating in them any such expectation; Homsy and Vitek expressly undertook to make their own determination regarding the use of this material in their patented, proprietary, medical devices; and the FDA had no such expectation.

■ Plaintiffs implied warranty claim is derivative of Vitek's rights against Du Pont. Even though vertical privity is no longer necessary in Nevada to support a breach of implied warranty claim for personal injuries against a remote supplier, the user cannot rise any higher than the purchaser through which he obtained the implied warranty. *See Goodbar v. Whitehead Brothers* 591 F.Supp. 552, 567 (W.D.Va.1984); *Western Equipment v. Sheridan Iron Works,* 605 P.2d 806, 810 (Wyo.1980). No implied warranty existed in this case between Du Pont and Vitek. It was clearly communicated to and recognized by Vitek that Du Pont did not manufacture a surgical or medical grade of PTFE. Vitek claims to have taken Du Pont's industrial grade PTFE and, by adding other ingredients and processing them, created a medical grade implant. The material supplied to Vitek by Du Pont was not defective. Summary judgment in favor of Du Pont is mandated.

### C. Conclusion

The Court's questions and reservations outlined in the April 15, 1992 Order have been more than satisfactorily addressed by defendant Du Pont. It was proper for Du Pont to ask this Court to review a supplemental summary judgment motion in light of the new evidence that has been carefully obtained and documented. It is clear from the undisputed facts that summary judgment is appropriate. Plaintiff's opposition failed to create any question of material fact and det-rimentally relied on the fact that this Court published the last Order addressing this matter—an order written prior to relevant and material discovery.

IT IS, THEREFORE, HEREBY ORDERED that defendant Du Pont's motion for supplemental summary judgment (document # 112) is GRANTED. There are no surviving claims against Defendant Du Pont.